IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 14-cv-1832-WJM-KMT

CELESTE C. GRYNBERG, individually and as Trustee on behalf of the RACHEL SUSAN TRUST, the STEPHEN MARK TRUST, and the MIRIAM ZELA TRUST, and JACK J. GRYNBERG,

    Petitioners,

v.

KINDER MORGAN ENERGY PARTNERS, L.P., a Delaware Master Limited Partnership, and
KINDER MORGAN CO2 COMPANY, L.P., a Texas Limited Partnership,

    Respondents.

## ORDER MAKING ABSOLUTE ORDER TO SHOW CAUSE AND DISMISSING CASE FOR LACK OF JURISDICTION

Petitioners Celeste C. Grynberg and Jack J. Grynberg (together "Petitioners") bring this Petition to Vacate Arbitration Award as to their claims against Respondents Kinder Morgan Energy Partners, L.P. ("KMEP") and Kinder Morgan CO2 Company, L.P. (collectively "Respondents"). (Petition (ECF Nos. 1 & 4).) Petitioners assert that this Court has jurisdiction over the above-captioned action based on diversity of the parties pursuant to 28 U.S.C. § 1332. (Petition at 2.) Section 1332(a)(1) states that the "[federal] district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Exercising its independent duty to examine its subject matter jurisdiction, the Court entered an Order to Show Cause requiring Petitioners to allege "sufficient facts to show that the Court has diversity

jurisdiction over this matter." (ECF No. 19.)  Amongst other things, the Order provided:

> The Petition to Vacate Arbitration Award alleges that the Court has jurisdiction pursuant to 28 U.S.C. § 1332 based on the diversity of the parties.  Petitioners fail, however, to establish the citizenship of the two limited partnerships that are parties to this action.  The Court must consider the citizenship of all members of an entity such as a partnership in determining whether diversity jurisdiction exists.  *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 (1990) (citizenship of limited partners must be taken into account to determine diversity of citizenship of the parties; limited partnership is not in its own right a citizen of the state that created it for purposes of diversity).

(*Id.*)  On July 12, 2014, Petitioners filed their Response to the Order to Show Cause. (ECF No. 20.)  On July 21, 2014, Respondents filed a Reply.  (ECF No. 27.)  For the reasons set forth below, the Order to Show Cause is made absolute and the case is dismissed for lack of jurisdiction.

## I.  ANALYSIS

As the parties invoking federal court jurisdiction, Petitioners "bear[] the burden of proving that such jurisdiction exists."  *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002); *see also McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008); *Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005).  Because federal courts are courts of limited jurisdiction, there is a presumption against the existence of jurisdiction and "[t]he party invoking the jurisdiction of the court has the duty to establish that federal jurisdiction does exist."  *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

Petitioners' Response states that the sole owner and member of Respondent Kinder Morgan CO2 Company, L.P. is the other Respondent, KMEP.[1]  (ECF No. 20 at

---

[1] Although Respondents contest this assertion in their Reply (ECF No. 27 at 3), the Court will take Petitioners' assertion as true for the purposes of this analysis.

1.) However, Petitioners do not describe the citizenship of the members of KMEP, choosing instead to challenge the basis for the Court's Order to Show Cause. (*Id.* at 2.) Petitioners contend that KMEP should be treated like a corporation for purposes of diversity because it is not a private limited partnership, but is instead a master limited partnership that is publicly traded. (*Id.*) Therefore, Petitioners argue, KMEP should be considered to be a citizen of Delaware, the state that created it. (*Id.*) In response to the Order to Show Cause's citation to *Carden v. Arkoma Associates*, 494 U.S. 185, 195 (1990), which held that a limited partnership's citizenship is determined by the citizenship of its general and limited partners, Petitioners contend that *Carden* should not apply to a master limited partnership like KMEP because it is more akin to a corporation than a private partnership. (*Id.* at 4-6.)

The Court finds Petitioners' argument intriguing, but insufficiently supported to persuade the Court that it may ignore binding Supreme Court precedent. Petitioners ask the Court to follow the reasoning of the *Carden* dissent, which argued in favor of considering whether an entity's component members were the real parties in interest rather than establishing a bright-line rule applicable to non-corporate entities. (ECF No. 20 at 3-4.) Petitioners further contend that the cases in which other district courts have applied *Carden* to master limited partnerships are unpersuasive, but fail to provide any authority on which the Court could rely to distinguish this matter and follow the *Carden* dissent. (*See id.*)

The *Carden* Court held that the "firmly established" rule that corporations be treated as citizens does not extend to other entities, despite their "functional[]

similar[ity]" to corporations, and established that for diversity purposes, non-corporate entities are citizens of "all of the entity's members." *Carden*, 494 U.S. at 189, 195-97. Thus, *Carden* does not allow the Court to choose how to evaluate the citizenship of an entity such as KMEP based on its functional equivalency to a corporation. Instead, the Court is bound to follow *Carden* and must determine KMEP's citizenship by the citizenship of its partners.

In reliance on the argument discussed above, Petitioners have failed to state the citizenship of each member of KMEP. (ECF No. 20 at 3 (noting that "[i]f KMEP is the sum of all of its shareholders, the precise contours of KMEP's citizenship would be unknown to the Plaintiffs").) Therefore, the Court finds that the Response is deficient, and Petitioners have failed to satisfy the Order to Show Cause. As a result of this failure, the Court cannot properly determine whether diversity jurisdiction exists. *See Carden*, 494 U.S. at 195-96.

The Court notes that Petitioners were specifically warned that this action would be dismissed if they did not properly respond to the Court's Order to Show Cause. (ECF No. 19.) Despite this warning, Petitioners failed to provide the information requested. On the current record, the Court finds that Petitioners have not met their burden of showing that this Court has jurisdiction over this action. Therefore, Petitioners have failed to overcome the presumption against federal jurisdiction, and dismissal of this case is appropriate. *See Basso*, 495 F.2d at 909.

## II.  CONCLUSION

For the foregoing reasons, the Court's Order to Show Cause is MADE ABSOLUTE and the above-captioned action is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.  The parties shall bear their own costs.

Dated this 21st day of July, 2014.

BY THE COURT:

William J. Martinez
United States District Judge