**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 14-cv-1832-WJM-KMT

CELESTE C. GRYNBERG, individually and as Trustee on behalf of the RACHEL SUSAN TRUST, the STEPHEN MARK TRUST, and the MIRIAM ZELA TRUST, and JACK J. GRYNBERG,

    Petitioners,

v.

KINDER MORGAN ENERGY PARTNERS, L.P., a Delaware Master Limited Partnership, and
KINDER MORGAN CO2 COMPANY, L.P., a Texas Limited Partnership,

    Respondents.

## ORDER DENYING PETITIONERS' RULE 60(b) MOTION

Petitioners Celeste C. Grynberg and Jack J. Grynberg (together "Petitioners") bring this action seeking to vacate an arbitration award in favor of Respondents Kinder Morgan Energy Partners, L.P. ("KMEP") and Kinder Morgan CO2 Company, L.P. ("KMCO2") (together "Respondents"). (ECF Nos. 1 & 4.) Petitioners assert that this Court has jurisdiction over the above-captioned action based on diversity of the parties pursuant to 28 U.S.C. § 1332. (*Id.* at 2.) Section 1332(a)(1) states that the "[f]ederal] district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

On July 2, 2014, the Court entered an Order to Show Cause regarding Petitioners' failure to allege sufficient facts to show that the Court has diversity

jurisdiction, as the Petition failed to establish the citizenship of the two limited partnerships that are parties to this action. (ECF No. 19.) In Petitioners' Response to the Order to Show Cause, they stated that KMEP was the sole member of KMCO2, but admitted that the identities of all members of KMEP were unknown, and at least one member of KMEP was a Colorado citizen. (ECF No. 20 at 1-3.) Because Petitioners were also Colorado citizens, the Court concluded that Petitioners had failed to show that the parties were completely diverse. Accordingly, on July 21, 2014, the Court made absolute the Order to Show Cause and dismissed the case for lack of jurisdiction ("Dismissal Order"). (ECF No. 29.) Judgment was entered on July 22, 2014. (ECF No. 30.)

This matter is before the Court on Petitioners' Motion Under Federal Rule of Civil Procedure 60(b) to Relieve Claimants from the July 21, 2014 Order Making Absolute Order to Show Cause ("Motion") (ECF No. 31), filed on August 18, 2014. (ECF No. 31.) Respondents filed an opposition brief (ECF No. 32), and Petitioners filed a reply (ECF No. 33). For the reasons set forth below, the Court denies Petitioners' Motion.

## I. DISCUSSION

Rule 60(b) permits a Court to grant relief from a final judgment or order for specified reasons, including "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). "Rule 60(b) relief 'is extraordinary and may only be granted in exceptional circumstances.' 'Parties seeking relief under Rule 60(b) have a higher hurdle to overcome because such a motion is not a substitute for an appeal.'" *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1289 (10th Cir. 2005) (quoting *Servants of*

*Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Cummings v. Gen. Motors Corp.*, 365 F.3d 944, 955 (10th Cir. 2004)) (internal citations omitted).  Such motions "are inappropriate vehicles to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion."  *Servants of Paraclete*, 204 F.3d at 1012.  Whether to grant a Rule 60(b) motion rests within the trial court's discretion.  *See Beugler v. Burlington N. & Santa Fe Ry. Co.*, 490 F.3d 1224, 1229 (10th Cir. 2007).

Petitioners' Motion cites Rule 60(b)(2), which permits relief from a judgment based on newly discovered evidence. (ECF No. 31 at 1.)  Where a party seeks a new trial based on newly discovered evidence, the moving party must show:

> (1) the evidence was newly discovered since the trial; (2) the moving party was diligent in discovering the new evidence; (3) the newly discovered evidence could not be merely cumulative or impeaching; (4) the newly discovered evidence is material; and (5) that a new trial with the newly discovered evidence would probably produce a different result.

*Zurich*, 426 F.3d at 1290 (citing *Graham v. Wyeth Lab.*, 906 F.2d 1399, 1416 (10th Cir. 1990)) (brackets omitted).  While Petitioners do not seek a new trial here, they seek reconsideration of the Dismissal Order, and thus they must show that the newly discovered evidence would be material to that Order and would probably produce a different result.  *Id.*

Petitioners contend that the August 10, 2014 announcement that KMEP will be consolidated into Kinder Morgan, Inc., constitutes new evidence permitting a grant of relief under Rule 60(b)(2). (ECF No. 31 at 3.)  Petitioners argue that, due to this merger, KMEP can be replaced as Respondent by Kinder Morgan, Inc., a corporation

which is diverse from Petitioners.  (*Id.*)  Thus, Petitioners request that the Dismissal Order and Final Judgment be vacated, and that they be permitted to substitute Kinder Morgan, Inc., for KMEP, or in the alternative, dismiss KMEP as a party.  (*Id.* at 3-4.)

In response, among other arguments, Respondents contend that substituting Kinder Morgan, Inc. for KMEP will not cure the jurisdictional defect.  (ECF No. 32 at 3-6.)  Respondents argue that the other Respondent, KMCO2, destroys diversity jurisdiction because its only member is KMEP, which was not diverse from Petitioners at the time of filing the Petition—the relevant time for the purposes of evaluating jurisdiction.  (*Id.*)  In Petitioners' Reply, they do not respond directly to this argument.  As to the general rule that jurisdiction is determined by the facts at the time the Petition was filed, Petitioners argue that Federal Rule of Civil Procedure 21 establishes an exception to that rule and permits the Court "to allow a dispensable nondiverse party to be dropped at any time".  (ECF No. 33 at 10 (citing *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989)).)  However, this exception applies only to KMEP, not KMCO2; indeed, Petitioners' argument that KMEP is dispensable is premised on the idea that KMCO2 will remain a party.  (*Id.* at 8-9 (noting that liability as to KMEP and KMCO2 is joint and several, such that complete relief may be granted with a judgment against KMCO2).)  Petitioners have provided no argument indicating that KMCO2 might also be dispensable or suggesting that KMCO2 might also be substituted.

Accordingly, the Court agrees with Respondents that KMCO2 destroys diversity because it remains a citizen of Colorado, by way of the Colorado citizenship of its member, KMEP.  Thus, Petitioners' proposed substitution arising from the purportedly

new evidence of KMEP's merger with Kinder Morgan, Inc. would not cure the jurisdictional defect, and does not provide reason to vacate the judgment under Rule 60(b)(2).  *See Zurich*, 426 F.3d at 1290.

As the party invoking federal court jurisdiction, Petitioners "bear[] the burden of proving that such jurisdiction exists."  *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002).  The Court finds that Petitioners have failed to demonstrate that jurisdiction would exist here, even with the newly discovered evidence cited in the Motion.  Accordingly, there is no basis on which to grant Rule 60(b)(2) relief.  *See Zurich*, 426 F.3d at 1290.

## II.  CONCLUSION

For the foregoing reasons, Petitioners' Motion Under Federal Rule of Civil Procedure 60(b) to Relieve Claimants from the July 21, 2014 Order Making Absolute Order to Show Cause (ECF No. 31) is DENIED.

Dated this 28th day of October, 2014.

BY THE COURT:

William J. Martinez
United States District Judge